UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARY BLEDSAW, PARENT AND NEXT                                    Plaintiffs
OF FRIEND OF A.B., ET AL.

v.                                                    Civil Action No. 3:24-cv-373-RGJ

JEFFERSON COUNTY PUBLIC                                          Defendants
SCHOOLS, ET AL.

* * * * *

**MEMORANDUM OPINION & ORDER**

Plaintiffs Mary Bledsaw, as Parent and Next Friend of A.B. and J.B., Taryn Bell, as Parent

and Next Friend of N.T., Ashley Wright, as Parent and Next Friend of A.L., and Ingrid Payne, as

Parent and Next Friend of N.H. (collectively, "Plaintiffs"), by counsel, Teddy B. Gordon, move

for leave to withdraw of counsel pursuant to Local Rule ("LR") 83.6(a) , and for relief from the

order of dismissal entered on January 17, 2025 in the form of a 60-day stay to allow Plaintiffs to

obtain counsel [DE 34]. Defendants Jefferson County Public Schools, Jefferson County Board of

Education, and Marty Polio (collectively "Defendants") responded in partial opposition. [DE 35].

Plaintiffs have not replied. This matter is ripe. For the reasons below, the Motion to Withdraw and

Stay is **DENIED** with further instructions for compliance with LR 83.6(a).

## I.      BACKGROUND

Plaintiffs filed this action on June 20, 2024, asserting that the Jefferson County Board of

Education's ("JCPS") decision to eliminate transportation to magnet and traditional schools

violated Plaintiffs' civil rights under the United States Constitution and the Kentucky Constitution.

[DE 1].

On August 7, 2024, the parties submitted, and the Court granted, a joint motion to stay all proceedings and deadlines in this case for 60 days pending JCPS's implementation of the transportation plan. [DE 25; DE 26]. Two additional extensions were granted, and the stay continued through the remainder of the case. [DE 29; DE 30]. On January 13, 2025, the parties submitted a proposed Agreed Order of Dismissal [DE 32], which the Court entered on January 17, 2025 [DE 33].

The Agreed Order dismissed Plaintiffs' claims with prejudice, and the case was stricken from the Court's docket. [DE 33 at 235].[1] Not long after, on February 6, 2025, Plaintiffs' counsel filed a motion asking to (1) stay the January 17, 2025 Order for 60 days to allow Plaintiffs to seek new counsel, and (2) allow him to withdraw as Plaintiffs' counsel. [DE 34 at 237, 241].

## II.    DISCUSSION

The one sentence motion states that "pursuant to Federal Rules [sic] of Procedure 60.02 and based on the affidavit attached moves this Honorable Court to enter the order attached hereto." [DE 34 at 237]. The entirety of the proposed order states:

> IT IS HEREBY ORDERED that the previous order of dismissal without prejudice enter of record January 22, 2025, be stayed for sixty days allowing Plaintiffs to obtain counsel, and
>
> IT IS FURTHER ORDERED that Attorney Teddy B. Gordon be allowed to withdraw as counsel in the above styled action.

[DE 34-2 at 241].[2]

---

[1] Counsel's supporting affidavit states that "the Dismissal [sic] was without prejudice." [DN 34-1 at 240]. The proposed order makes the same mistake, referencing "the previous order of dismissal without prejudice." [DN 34-2 at 241]. But the dismissal was "with prejudice." [DN 33].

[2] The proposed order notes that the dismissal order was entered on January 22, 2025. [DN 34-2]. But the order was entered on January 17, 2025. [DN 33]. Similarly, counsel's affidavit states "[t]he previous agreed order was to be extended through March[.]" [DN 34-1 at 240]. But the most recent agreed order extended the stay for 60 days from November 13, 2024. [DE 31]. As a result, the extension lasted into January, not through March which is why the Agreed Order of Dismissal [DE 33] is dated in January.

Counsel's attached affidavit asserts that he "has been practicing law for 52 years but has all but retired effective July 4, 2022."[3] [DE 34-1 at 239]. He asserts that this motion is based on "excusable neglect," and apologizes for "his inadvertent oversight." [*Id.*]. His affidavit further notes that his health was extremely affected by the cold weather this winter, and that "although [he] properly and fully informed the Plaintiffs of the options they had to continue litigation[,]" he "apparently [] failed to adequately inform all of the [P]laintiffs that he was going to dismiss the case." [DE 34-1 at 239-40]. Counsel is silent as to whether any Plaintiff has expressed a specific objection to dismissal.

Defendants opposed the motion asserting that "excusable neglect" under Rule 60(b)(1) does not apply to the circumstances asserted by Plaintiffs' counsel and that Plaintiffs have failed to establish a meritorious defense. [DE 35].

As an initial matter the motion references "Federal Rules [sic] of Procedure 60.02[,]" no such rule exists, and instead this appears to a reference to the Kentucky state procedural rule that is analogous to Federal Rule of Civil Procedure 60(b). [DE 34 at 237]. Further, the motion appears to allege that failing to inform all the Plaintiffs that he was going to dismiss the case amounts to "excusable neglect[,]" under Federal Rule of Civil Procedure 60(b)(1). [*Id.*]. Counsel then asserts that cold weather, being "all but retired" and personal illness were the reasons for such neglect. [34-1 at 239-40].

---

[3] While counsel appears to assert on some level that his status as "all but retired" constitutes a reason for his "excusable neglect" the Court is reticent to come to this conclusion given what appears to be his public continuation of practice as recently as May 21, 2025. *See* https://www.courier-journal.com/story/news/crime/2025/05/22/mother-files-lawsuit-against-jcps-employees-after-son-attacked/83789853007/.

### A.    Standard

Rule 60(b)(1) provides that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." *Burnley v. Bosch Americas Corp.*, 75 F. App'x 329, 332–33 (6th Cir. 2003) (quoting Fed. R. Civ. P. 60(b)(1)). Under Rule 60(b), a party seeking relief from judgment must first show the applicability of the rule. *See Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir.1993) ("As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment."). Then to be granted relief under Rule 60(b)(1), the moving party must demonstrate: "(1) The existence of mistake, inadvertence, surprise, or excusable neglect. (2) That he has a meritorious defense." *Marshall v. Monroe & Sons, Inc.,* 615 F.2d 1156, 1160 (6th Cir. 1980) (citations omitted). Rule 60(b) does not afford defeated litigants a second chance to convince the court to rule in his or her favor by presenting new explanation, new legal theories, or proof. *See Jinks v. AlliedSignal, Inc*., 250 F.3d 381, 385 (6th Cir. 2001) (citing *Couch v. Travelers Ins. Co.,* 551 F.2d 958, 959 (5th Cir.1977)). Moreover, Rule 60(b) "is not to be used as a substitute for appeal." *Id.* at 385; *Greenwood Explorations, Ltd. v. Merit Gas & Oil Corp., Inc.,* 837 F.2d 423, 427 (10th Cir. 1988) (internal citation omitted); *Bell v. Eastman Kodak Co.,* 214 F.3d 798, 801 (7th Cir.2000) ("The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal.").

Courts have defined "neglect" to include "'late filings caused by mistake, inadvertence, or carelessness . . . .'" *Jinks,* 250 F.3d, at 386 (quoting *Pioneer Invest. Servs. Co. v. Brunswick*

*Assocs.*, 507 U.S. 380, 388 (1993)).[4] However, the Sixth Circuit has observed that Rule 60(b)(1) might additionally provide relief when "an attorney has acted without authority." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). Other circuits have held that, "[a]lthough an attorney of record is presumed to have his client's authority to compromise and settle litigation, a judgment entered upon an agreement by the attorney may be set aside on affirmative proof that the attorney had no right to consent to its entry." *Bradford Exchange v. Trein's Exchange*, 600 F.2d 99, 102 (7th Cir. 1979). Moreover, the Sixth Circuit has cited to other circuits which have found that "a party's claim that counsel lacked authority to enter into a settlement agreement states a ground for relief under Rule 60(b)." *United States v. Church*, Case No. 17-2318 (6th Cir. Aug. 23, 2018) (order) (citing *Larson v. Heritage Square Assocs.*, 952 F.2d 1533, 1537 (8th Cir. 1992); *Bradford Exh.*, 600 F.2d at 102; *Assocs. Disc. Corp. v. Goldman*, 524 F.2d 1051, 1053-54 (3d Cir. 1975; *Thomas v. Colo. Tr. Deed Funds, Inc.*, 366 F.2d 136, 139 (10th Cir. 1966)).

"In determining whether relief is appropriate under Rule 60(b)(1), courts consider three factors: (1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense. A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining

---

[4] The Sixth Circuit has recognized that *Jinks*, 250 F.3d at 386 says that "neglect" under Rule 60(b)(1) applies to "inadvertence, mistake, or carelessness, *as well as by intervening circumstances beyond the party's control*," (emphasis added), but has clarified that statement in *DirecTV, Inc. v. Turk*, 282 F. App'x 382, 385 (6th Cir. 2008). In *DirecTV* the Sixth Circuit noted that it "is not clear that the 'intervening circumstances' language was actually part of the holding in *Jinks* because it appears that the case did not involve any uncontrollable intervening circumstances." Further, the Sixth Circuit noted that "[t]he statement in *Jinks* that Rule 60(b)(1) applies to 'intervening circumstances beyond the party's control' appears to be a misinterpretation of *Pioneer Investment Services Co. v. Brunswick Associates.*" *DirecTV, Inc.*, 282 F. App'x at 386. The Court then discusses that the "intervening circumstances" language comes from "a discussion in *Pioneer* in which the Supreme Court was interpreting Bankruptcy Rule 9006(B)(1)." *Id.* "The Court explained that Rule 60(b)(1) would not produce the same results as Rule 9006(B)(1) because the 'excusable neglect' standard in Rule 60(b)(1) only applies to situations attributable to negligence, and not to situations attributable to circumstances beyond a party's control." *Id.*

two factors." *Flynn v. People's Choice Home Loans, Inc*., 440 F. App'x. 452, 457-58 (6th Cir. 2011) (quotations omitted). "Thus, in assessing a claim of excusable neglect, the proper focus is upon whether the neglect of [the parties] and their counsel was excusable." *McCurry v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir.2002). The Supreme Court set forth five factors for determining whether neglect is excusable: "the danger of prejudice to [the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. at 395. "An attorney's inexcusable neglect is normally attributed to his client." *Allen v. Murph,* 194 F.3d 722, 723 (6th Cir. 1999) (citation omitted).

As to the second step of the analysis, courts have defined a meritorious defense as a "defense good at law." *In re Park Nursing Ctr., Inc.,* 766 F.2d 261, 264 (6th Cir.1985). The test is whether "the facts alleged by the [plaintiff] would constitute a meritorious defense if true." *Id.*

"Relief under Rule 60(b) is the exception, not the rule, and [courts] are guided by the constraints imposed by a public policy favoring finality of judgments and termination of litigation." *Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016) (cleaned up). "There is a deeply embedded judicial and legislative policy in favor of keeping final judgements final. That is especially true for settlement agreements." *Cummings v. Greater Cleveland Reg'l Transit. Auth.*, 865 F.3d 844, 846 (6th Cir. 2017) (internal citations omitted).  A party seeking relief under Rule 60(b) "bears the burden of establishing the grounds for such relief by clear and convincing evidence" *United States v. Church*, No. 19-1528, 2020 WL 2494431, at *2 (6th Cir. Apr. 22, 2020) (citing *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)).

**B.    Application**

Here, counsel's "excusable neglect" appears to stem from his "apparent" failure to inform all Plaintiffs that the case was to be dismissed. [DE 24-1 at 239]. As a result, this issue is about a counsel's conduct within the attorney-client relationship, and not a mis-calendared deadline or failure to respond to a particular obligation. Counsel states in his affidavit that he made a strategic decision and then apparently did not inform all the Plaintiffs of his decision.

> That the cold weather was extremely harmful to my health and without the necessary expert witnesses, not only had my heath deteriorated to a point that I could not continue: but it was my opinion that I could not successfully continue litigation in the above styled action; and although I properly and fully informed the Plaintiffs of the options they had to continue litigation, apparently, I failed to adequately inform all the plaintiffs that I was going to dismiss the case.

[DE 34-1 at 239-40].  It is somewhat unclear from Plaintiffs' counsel's affidavit whether this was a situation where a Plaintiff later disagreed with a strategic decision or whether counsel lacked the authority to enter the settlement and agree to dismiss the case.

> As to disagreement with counsel's strategic decisions, Rule 60(b)(1) does not apply.
>
> With respect to the conduct of counsel . . . out-and-out lawyer blunders . . . do not qualify as mistake or excusable neglect within the meaning of Rule 60(b)(1) . . . strategic miscalculation[s] and misinterpretation[s] of the law do not warrant relief from judgment . . . an attorney may not choose a litigation strategy and then use a Rule 60(b) motion as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise . . . [Rule 60(b)(1)] does not permit litigants and their counsel to evade the consequences of their legal positions and litigation strategies, even though these might prove unsuccessful, ill-advised, or even flatly erroneous.

*In re Bonfiglio*, No. 18-8004, 2018 WL 5295879, at *4 (B.A.P. 6th Cir. Oct. 24, 2018) (internal quotations and citations omitted).

However, as to whether counsel's "neglect" in "adequately inform[ing] all the plaintiffs that [counsel] was going to dismiss the case," [DE 34-1 at 240], resulted in a lack of authority to enter the settlement and dismiss, unpublished case law in the Sixth Circuit indicates that such lack

7

of authority may state a ground for relief under Rule 60(b). *Church*, Case No. 17-2318 (6th Cir. Aug. 23, 2018) (citing *Reyes*, 307 F.3d at 455)).  In *Church*, the United States filed a complaint seeking a judgment regarding unpaid tax liabilities owed by Church and her company, and to enforce liens on Church's home. Church retained attorney Gezon. After reaching a settlement, the parties moved the district court to approve an agreed final judgment, which the district court entered.  Months later, Church moved pro se to set aside the agreed final judgment and discharge her attorney. Church alleged that she had not consented to the final judgment and that Gezon did not represent her properly. The district court denied Church's motion, determining that she was bound by the settlement and that Rule 60(b) did not afford a basis for granting relief from judgment. Church appealed. In vacating and remanding for further proceedings, the Sixth Circuit concluded that "the district court abused its discretion in misapplying the standard under Rule 60(b)(1) and failing to conduct an evidentiary hearing on the disputed factual issue of Gezon's authority to enter the agreed final judgment." *United States v. Church*, No. 17-2318 (6th Cir. Aug. 23, 2018) (order).

While *Church* is an unpublished opinion, its facts are on-point, and the Court finds its application of Rule 60(b)(1) appropriate for consideration here.  However, unlike *Church*, Plaintiffs' counsel makes no real assertion of lack of authority other than the short statement that "although I properly and fully informed the Plaintiffs of the options they had to continue litigation, apparently, I failed to adequately inform all the plaintiffs that I was going to dismiss the case" and the request for a "stay[] for sixty days allowing Plaintiffs to obtain counsel."  [DE 34-1; DE 34-2]. Also, unlike *Church*, counsel provides no affidavit of Plaintiffs, no specifics regarding whether they object to dismissal, no request for a hearing, and no email or other documentary evidence to support the assertion that he lacked authority.  As a result, this is simply not enough to carry the

"burden of establishing the grounds for such relief by clear and convincing evidence" under the theory of lack of authority. *Church*, 2020 WL 2494431, at *2 (citing *Info-Hold, Inc.*, 538 F.3d at 454).  To prevail on the motion to vacate judgment, Plaintiffs' must sustain "a heavy burden to establish that [their] attorney acted without any kind of authority in agreeing to the entry of judgment in the trial court." *Surety Ins. Co. v. Williams,* 729 F.2d 581, 583 (8th Cir. 1984). Because Plaintiffs have failed to offer "'affirmative proof that the attorney had no right to consent to its entry,'" *Surety Ins. Co., supra,* 729 F.2d at 582–83 (quoting *Bradford Exchange,* 600 F.2d at 102), Plaintiffs have failed to demonstrate the requisite exceptional circumstances in support of the Rule 60(b) motion for relief from judgment.  There is simply not enough evidence in the record on which this Court could rely to grant relief or order an evidentiary hearing.  Without more, the showing is simply not enough.

Defendants' response states in a footnote that Rule 60(b)(1) has been applied in the Sixth Circuit as "intended for only two situations: (1) where a party makes an excusable mistake or its attorney acts without authority, and (2) when a judge makes a substantive mistake in the final judgment or order." [DE 35 at 247-48, n. 2].  Yet Defendants conclude that this "rule only applies when a movant seeks Rule 60(b)(1) relief on the grounds of mistake." [*Id.*].  From this conclusion, Defendants extrapolate that this line of case law would not apply here because Plaintiffs' counsel asserts "excusable neglect" and not "mistake."  [*Id.*].  Presumably, this is the reason Defendants brief did not address situations where an attorney acts without authority and did not cite *Church*. However, this reading of the underlying case law is overly narrow and does not account for cases in the Sixth Circuit, such as *Church*, where the movant was not seeking relief on grounds of "mistake" but instead on grounds of lack of authority.  Whether the movant asserts that the attorney

entered into the settlement agreement or dismissal with a "mistaken" or "negligent" belief of authority is not a distinguishing factor in any of the cases presented.

Additionally, Defendants' response in opposition asserts that Rule 60(b)(1) is inapplicable because "excusable neglect applies only to late filings." [DE 35 at 246]. However, this assertion is not supported by the case law. While numerous cases support the proposition that "[t]he courts have defined 'neglect' *to include* late filings caused by mistake, inadvertence, or carelessness, as well as intervening circumstances beyond the party's control," *Burnley,* 75 F. App'x at 333 (quoting Jinks, 250 F.3d at 385 (emphasis added)) (cleaned up), these cases are inclusive, not exclusionary of other grounds for application.

And finally, because Plaintiffs fail to make a requisite showing under Rule 60(b), the Court need not determine whether counsel's alleged "mistake" or "neglect" under Rule 60(b) is excusable. However, it is notable that numerous courts have concluded that illness alone does not constitute excusable neglect. *Buck v. U.S. Dept. of Agric., Farmers Home Admin.,* 960 F.2d 603, 608 (6th Cir.1992) (holding that sudden illness of counsel was not excusable neglect where counsel did not provide details of his illness); *Kensu v. Corizon,* No. 19-10944, 2022 WL 1831307, at *2 (E.D. Mich. June 3, 2022) (quoting *McCandless v. Countrywide Home Loans, Inc.*, No. 08–14195, 2009 WL 2447656, at *3 (E.D. Mich. Aug. 7, 2009)) ("'Although the court may consider counsel's illness, regardless of its seriousness, illness alone is not a sufficient basis for setting aside a judgment under Rule 60(b)(1).'").

Because Plaintiffs' counsel has failed to carry the burden of demonstrating that relief from judgment is appropriate under Rule 60(b)(1), the motion for stay is **DENIED.**

###    C.    Request to Withdrawal

While this case is closed, and normally no withdraw would be necessary, the Court will consider the request to withdraw under the circumstances presented to allow any appropriate post judgment actions to be taken by other counsel.

However, Local Civil Rule 83.6(a) states that an attorney of record may withdraw from a case where:

> The attorney files a motion, certifies the motion was served on the client, makes a showing of good cause, and the Court consents to the withdrawal on whatever terms the Court chooses to impose. If the withdrawal will leave the client unrepresented, the motion must include the client's current email address, mailing address, and telephone number

Here, counsel has failed to provide the requisite certification as his withdrawal will leave the Plaintiffs unrepresented.  The certificate of service states only

> Teddy B. Gordon
> 750 Zorn Avenue, Unit 37
> Louisville, KY 40206
> Email: tbearaty@aol.com
>
> Counsel for Plaintiffs
> *Plaintiffs email addresses*

[DE 34 at 238 (emphasis added)].  And while it appears counsel did serve it on his clients via email, he fails to provide their email addresses, mailing addresses, and telephone numbers as required by the local rule.  As a result, while the Court finds withdrawal likely appropriate, it will require counsel to comply with the local rules before permitting such withdrawal.

11

### III.  CONCLUSION

For these reasons, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the Motion to Withdraw and Stay [DE 34] is **DENIED**. Upon a showing of compliance with LR 83.6(a), the Court will enter a separate order permitting withdrawal.  Counsel shall file any such showing within 10 days of the date of this order.